UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAROLYN J. GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-01101-TWP-DML |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON APPLICATION FOR ATTORNEY FEES**
**UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on Plaintiff Carolyn J. Glover's ("Ms. Glover") Application for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (Filing No. 16). Ms. Glover applied for Social Security Disability Insurance Benefits based on various back and knee impairments as well as seizures. Her application was denied initially, on reconsideration, and again by an Administrative Law Judge. The Appeals Council denied Ms. Glover's request for review. Ms. Glover then requested judicial review of the Commissioner's decision on July 1, 2014 (Filing No. 1). The parties filed an Agreed Motion for Reversal with a Remand for Rehearing, which the Court granted on December 1, 2014 (Filing No. 14). The Court also entered final judgment on December 1, 2014 (Filing No. 15). By these Orders, Ms. Glover became the prevailing party for purposes of the EAJA.

The EAJA provides that a successful litigant against the federal government is entitled to recover attorney fees if: (1) she was a "prevailing party;" (2) the government's position was not "substantially justified;" (3) there existed no special circumstances that would make an award

unjust; and (4) she timely filed an application with the district court. 28 U.S.C. § 2412(d)(1)(A),

(B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).

While Ms. Glover was the prevailing party for purposes of the EAJA, in order to be awarded attorney fees and costs under the EAJA, she was required to timely file her application for fees and costs with the Court. The EAJA provides thirty days from the date of the final judgment within which a prevailing party must file the application for fees and costs. 28 U.S.C. § 2412(d)(1)(B). The Supreme Court has explained:

> An EAJA application may be filed until 30 days after a judgment becomes "not appealable" -- *i.e.*, 30 days after the time for appeal has ended. See §§ 2412(d)(1)(B), (d)(2)(G); see also *Melkonyan*, 501 U.S. at 102. Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after "entry of judgment," . . . .

*Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Therefore, a claimant seeking Social Security benefits generally has ninety days after the district court enters final judgment—which provides thirty days after the judgment becomes "not appealable"—to file an EAJA application.

In this case, Ms. Glover waited until April 9, 2015, to file her application for fees and costs. This was 130 days after entry of final judgment on December 1, 2014. As such, her application is untimely. In her response to Ms. Glover's EAJA application, the Commissioner raises this issue of untimeliness. The Commissioner also points out that the time limitation under the EAJA is not jurisdictional and therefore may be subject to equitable tolling (Filing No. 18 at 3). However, Ms. Glover never asserted a basis for an equitable tolling of her application, and further, Ms. Glover never replied to the Commissioner's response argument concerning untimeliness. Therefore, the Court **DENIES** Ms. Glover's Application for Attorney Fees under the EAJA (Filing No. 16) on the basis that the application was untimely filed.

**SO ORDERED.**

Date: 6/4/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov